IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIAS BOWERY,                           *
                                        *
    Plaintiff,                          *
                                        *
v.                                      *       Civil Action No. 8:25-cv-1583-PX
                                        *
                                        *
J.P. MORGAN CHASE BANK, N.A.            *
                                        *
    Defendant.                          

******

**MEMORANDUM ORDER**

    Pending is Defendant J.P. Morgan Chase Bank, N.A. ("Chase")'s Motion to Dismiss the Complaint for failure to serve process and state a claim. ECF No. 6. Pro se Plaintiff, Elias Bowery, has responded and separately filed other motions, including a motion to "deny the notice of removal," ECF No. 8, and a motion for leave to file an affidavit. ECF No. 13. Having reviewed the motions, the Court needs no hearing. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES Bowery's motions and GRANTS Chase's motion to dismiss for failure to state a claim.

    Bowery filed suit in Montgomery County Circuit Court on March 25, 2025, based on a purported "hold" that Chase placed on his bank account. ECF No. 3. As Bowery tells it, the hold on his funds arises from his attempted transfer of $ 415,000.00 from his account to the United States Treasury Department for "investment purposes." *Id*. at 3. Sometime before the attempted transfer, Bowery's companion, Marta Saunders, had given him that money. *Id.* Bowery was 94 years-old at that time, and for reasons not altogether clear, Chase referred the transactions to the

Maryland Department of Aging, an agency tasked with protecting older consumers who are "susceptible to financial abuse and exploitation." *See* Maryland Department of Aging, https://aging.maryland.gov/Pages/default.aspx, (last visited Feb. 4, 2025). ECF No. 6-1 at 3. From this, Bowery alleges that Chase "breached its contract" with Bowery, as well as violated Sections §§ 5-206 and 5-209 of the Maryland Code, Financial Institutions, and Maryland Rule 3-645 pertinent to garnishment of judgment debtor property. ECF No. 3 at 4.

Chase timely removed the case and separately moved to dismiss the Complaint. ECF Nos. 1 & 6. Bowery, in turn, moved to "transfer" the case to Montgomery County Circuit Court solely as a matter of convenience. ECF Noo. 8. The Court first turns to Bowery's motion to transfer, construed as one for remand.

As a Court of limited jurisdiction, the only conceivable jurisdictional basis for hearing this case is diversity jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Diversity jurisdiction is proper where the amount in controversy exceeds $75,000 and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (2015). Chase contends, and Bowery does not dispute, that diversity jurisdiction exists because Chase is a citizen of Ohio, Bowery is a citizen of Maryland, and the amount in controversy exceeds $75,000.[1] Nor does Bowery raise any procedural defects related to removal for which remand may be proper. *See* 28 U.S.C. § 1447(c). Bowery instead asks the Court to remand the matter because state court would be a more convenient forum for him. ECF No. 8 at 2. While the Court is sympathetic to his

---

[1] The Complaint seeks $50,000 in money damages and injunctive relief to unfreeze the hold on an account that contains $450,000. ECF No. 3. The monetary "cost to the defendant" or "value to the plaintiff" of the requested injunctive relief is considered when determining whether the Complaint meets the amount-in-controversy requirement. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010).

position, the Court may not abandon its diversity jurisdiction out of convenience to the Plaintiff or as a matter of discretion.  Thus, the motion at ECF No. 8 is denied.

Turning next to Chase's motion to dismiss, Chase rightly contends that Bowery did not effectuate proper service and asks that the Court dismiss the Complaint as a result.  ECF No. 6-1 at 3.  It is well settled that "[s]tate law governs the sufficiency and service of process before removal to federal court." *Jefferson v. Nat'l Railroad Passenger Corp.*, Civil No. DKC-15-2275, 2015 WL 6437364, at *1 (D. Md. Oct. 21, 2015).  *See also Caltrider v. AutoNation, Inc.*, Civil No. BPG-22-1487, 2023 WL 3931990, at *3 (D. Md. June 8, 2023) (same); *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (same).  Bowery's service of process suffered from several infirmities.  Among them, Bowery served Chase by mail, which is permissible under Maryland Rule 2-121, but he failed to request "restricted delivery − show to whom, date and address" of delivery, as required under Md. Rule 2-121(a).  *See* ECF No. 1-18 at 2-3.  Second, Bowery personally served the documents, in contravention of Md. Rule 2-123(a) which expressly exempts "a party to the action" as a person authorized to effectuate service.  *See* ECF No. 1-18 at 2.  Third, Bowery failed to serve Chase's "resident agent, president, secretary or treasurer," as required for service on a corporation.  *See* Md. R. 2-124.  *See also* ECF No. 1-22 at 2.

Insufficient service of process, however, does not require dismissal, especially where, as here, the plaintiff proceeds pro se, the defendant has not demonstrated prejudice, and a reasonable prospect of service exists.  *See Ngabo v. Le Pain Quotidien*, Civ. No. 11-0096-DKC, 2011 WL 978654 at *2 (D. Md. Mar. 17, 2011) (citing *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) and *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992)).  Thus, the Court will not dismiss the Complaint for insufficient service of process.  And while the Court instead could direct

Bowery to perfect service, it will not because Chase is entitled to dismissal on its alternative challenge to the sufficiency of the Complaint.

Chase contends that when construing the Complaint facts most favorably to Bowery, the pleading fails to make plausible any cause of action. ECF No. 6-1 at 6. When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the complaint facts as true and most favorably to the plaintiff as the nonmovant. *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). However, the Court will not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (". . . the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While pro se pleadings must be construed liberally to allow for the development of a potentially meritorious case, the Court cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

At best, the only conceivable claim raised in the Complaint is one for breach of contract arising from the "hold" that Chase had put on Bowery's account. ECF No. 3 at 4.[2] At the pleading stage, "a plaintiff need only allege the existence of a contractual obligation owed by the defendant

---

[2] The Complaint's reference to Chase's violation of Md. Code Fin. Inst §§ 5-206 and 5-209 does not articulate an independent cause of action. *See* ECF No. 3 at 4. Section 5-206 imposes certain reporting obligations for banks which, if not followed, may result in fines made payable to the Commissioner of Financial Regulation. *See* § 5-208 (failure to report as required under this article may be punishable "in the discretion of the Commissioner by civil penalty not to exceed $500 for each day that the report or proof is overdue."). And § 5-209 has been repealed. Reference to Maryland Rule 3-645, which governs garnishment of property of a judgment debtor, has no application to this case.

to the plaintiff, and a material breach of that obligation by the defendant." *See RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010). Nonetheless, the Complaint must aver *some* facts that make plausible the existence of a contractual obligation, as well as some facts that demonstrate a breach of that obligation. *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 362 (2012) (quoting *Cont'l Masonry Co. v. Verdel Constr. Co.*, 225 Md. 271, 276 (1977)).

The Complaint, however, merely avers that Chase's "hold" on Bowery's account amounts to a breach of contract. ECF No. 3 at 6 ("Chase Bank Defendant has breached his financial equations toward Elias Bowery, the Plaintiff who has made a demand of his account money several times, but the Defendant, Chase Bank, refused to abide with his responsibility and thereby, breached its contract with the Plaintiff."). The Complaint does not, for example, describe the nature of the contractual obligation that Chase owed to Bowery; nor does it make plausible that exercising a "hold" on the account violates that duty owed pursuant to the contract. A naked allegation of a "hold" on an account, without more, does not make plausible a breach-of-contract claim. *Cf. Boor v. Am. Woodmark Corp.,* Civ. No. RDB-24-2005, 2025 WL 948293 (D. Md. Mar. 28, 2025) (dismissing a contract claim where the complaint "does not assert any terms of the contract that were allegedly breached; he merely states that 'a contractual obligation existed' that obligated the parties to abide by the terms of the contract."). Thus, the Complaint must be dismissed.

As for Bowery's three remaining "motions," the Court first denies as moot Bowery's "Motion to Present to this Honorable Court a Statement Copy of Affidavit of Marta Sanders," at ECF No. 13. Even if the Court liberally construes the motion as a request to supplement the Complaint, *cf. Occupy Columbia v. Haley*, 738 F3d 107, 116-17 (4th Cir. 2013) (noting "no uniform rule among the circuits with respect to an affidavit attached as an exhibit to a pleading is

a "written instrument" such that it may be considered by a district court" in resolving a Rule 12(b)(6) motion.), nothing in the "affidavit" helps make plausible the breach-of-contract claim against Chase. Sanders is not a party to the case, and the circumstances surrounding her funding a large deposit into the Chase account for which a "hold" was placed does not advance Bowery's contract claim. ECF No. 13 is thus denied.

Next, the "Motion to Dismiss and Strike the Opposition Response of Defendant, JP Morgan Chase," at ECF No. 15, is not really a motion for separate relief but is more aptly considered a reply to Chase's opposition at ECF No. 14. The Court has construed it as such and directs the Clerk to remove the motions gavel from ECF No 15. Last, the "Joint Motion Amendment, to Strikeoff and Close All Perspective Defendant's Ramifications Memoranda, When Judges Are Not Effectively Aware Of," at ECF No. 16 is denied. The motion does little more than reiterate Bowery's position that Chase should be made to lift the "hold" on his account as averred in the Complaint. Thus, because the Complaint fails to state a claim, no further related relief is warranted.

Because Bowery proceeds pro se, the Court will dismiss the Complaint without prejudice. *See McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009), abrogated on other grounds in *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2010); *see also Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). Should Bowery refile this action, he is cautioned that he must effectuate service of process consistent with the applicable state and federal rules or risk dismissal on that ground alone.

Accordingly, on this 5th day of February 2026 in the United States District Court for the District of Maryland, the Court hereby ORDERS:

1. Plaintiff Elias Bowery's Motion to Transfer at ECF No. 8 is **DENIED**;

2. Defendant Chase Bank, N.A.'s Motion to Dismiss at ECF No. 6 is **GRANTED**;

3. The Complaint at ECF No. 3 is **DISMISSED** without prejudice;

4. The "Motion to Present to this Honorable Court a Statement Copy of Affidavit of Marta Sanders," at ECF No. 13 is **DENIED**;

5. The Motion at ECF No. 15 is more properly considered Bowery's Reply to Chase's opposition of ECF No. 13, and thus the gavel for ECF No. 15 **SHALL** be removed;

6. The "Joint Motion Amendment, to Strikeoff and Close All Perspective Defendant's Ramifications Memoranda, When Judges Are Not Effectively Aware Of," at ECF No. 16 is **DENIED**;

7. The Clerk shall **TRANSMIT** the Order to Chase and **MAIL** a copy of this Memorandum Order to Plaintiff, Elias Bowery; and

8. **CLOSE** this case.

February 5, 2026
Date

/s/
PAULA XINIS
United States District Judge